UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JANETTE BENAVIDEZ, CASSIE BOWEN,
THE MANUEL G. CHACON AND THERESA
M. CHACON REVOCABLE TRUST, RANDALL
CLARK, CORBIN ERICKSON, THE JAMES A.
AND ADELE M. NIX TRUST, THE ESTATE
OF TIMOTHY ARGUS NIX, MARIA INES
PORTILLO GONZALEZ, ANNAMARIA
GUTIERREZ, MARTIN LOPEZ, LEON
MARTINEZ, ALAN OSGOOD, ROBERT
PASTORE, GRACE QUINTANA, JOSE
REVOLLAR, SYNTHIA SALAS, DIANN LYNN
VALDEZ, RALPH MARQUEZ, NOEL
MARQUEZ, MITCHELL MARQUEZ, GLORIA
MARTINEZ, CYNTHIA MARQUEZ,
CHRISTINE MONTOYA, ANGELA GUERIN,
ALEX MARQUEZ JR., WALTER MARQUEZ,
VIRGINIA TRUJILLO, SHARON WILLIAMS,
MAUI PRIVATE CHEF SERVICES, LLC, THE
MICHAEL AND KRISTINE RAEL
REVOCABLE TRUST, SALOMON MAESE,
JR., MARTY MARTINEZ, SHARON
CRISTINO,
     *Plaintiffs*,
  v.
FEDERAL EMERGENCY MANAGEMENT
AGENCY AND DOES 1-20, INCLUSIVE,
     *Defendants*.

No.

**COMPLAINT**

## INTRODUCTION

1.     Plaintiffs are individuals damaged by the Hermit's Peak/Calf Canyon Fire ("Fire"), which were started by the federal government. The historic fire, and subsequent flooding, had devastating impacts on residents of New Mexico.

2.     Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act ("HPFAA" or the "Act") (Pub. L. 117-180, 136 State. 2168 (2022)) to compensate victims of the Hermit's Peak Fire for actual compensatory damages provided under New Mexico state law. Congress designated the Federal Emergency Management Agency's ("FEMA") as the Administrator of claims under the HPFAA and directed FEMA to expedite payments to victims of the Fire.

3.     The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA provides "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision,

in whole or in part." Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

4.  Plaintiffs have been aggrieved by FEMA's final decision because it denies their actual compensatory damages permitted under New Mexico state law.

5.  Plaintiffs now bring this civil action under section 104(i)(1) to modify or set aside FEMA's decision and award Plaintiffs the full amount of their actual compensatory damages permitted under New Mexico state law.

## JURISDICTION & VENUE

6.  This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

7.  This Court has jurisdiction under 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action. This Administrator's final decision of Plaintiffs' claims constitutes a final agency action subject to judicial review under the HPFAA section 104 (i)(1). Further, the Administrator's final decision shows an actual controversy exists between the parties within the

meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction pursuant to Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

8.     Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, Plaintiffs reside in this judicial district, and/or section 104 (i)(1) of the HPFAA expressly states a civil action seeking judicial review of the Administrator's final decision is to be filed in the United States District Court for the District of New Mexico.

## PARTIES

9.     Plaintiffs are individuals who suffered property damage in the Fire, submitted claims to FEMA, and received a final decision from FEMA on their claim.

10.     Plaintiff Janette Benavidez submitted a claim to FEMA on or about June 30, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items of damages, evacuation expenses, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of her

claim on or about September 27, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

11.    Plaintiff Cassie Bowen submitted a claim to FEMA on or about July 13, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items of damages, road repair, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of her claim on or about September 16, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

12.    Plaintiff the Manuel G. Chacon and Theresa M. Chacon Revocable Trust submitted a claim to FEMA on or about January 18, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, reforestation, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of its claim on or about October 1, 2024. The final decision provides less than Plaintiff's actual compensatory

damages provided in its claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

13.     Plaintiff Randall Clark submitted a claim to FEMA on or about March 12, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about September 28, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

14.     Plaintiff Corbin Erickson submitted a claim to FEMA on or about September 19, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, home sale comparison loss, reforestation, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about September 28, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

15.    Plaintiffs the James A. and Adele M. Nix Trust and the

Estate of Timothy Argus Nix submitted a claim to FEMA on or about

January 25, 2023, pursuant to the HPFAA. Plaintiffs claimed, among

other items, land sale comparison loss, and noneconomic nuisance

damages. Plaintiffs received FEMA's final determination of their claim

on or about September 7, 2024. The final decision provides less than

Plaintiffs' actual compensatory damages provided in their claim and

categorically excludes compensation for certain items of damages, such

as noneconomic nuisance damages.

16.    Plaintiff Maria Ines Portillo Gonzalez submitted a claim to

FEMA on or about February 16, 2024, pursuant to the HPFAA. Plaintiff

claimed, among other items, evacuation expenses, and noneconomic

nuisance damages. Plaintiff received FEMA's final determinations of

her claim on or about September 11, 2024. The final decision provides

less than Plaintiff's actual compensatory damages provided in her claim

and categorically excludes compensation for certain items of damages,

such as noneconomic nuisance damages.

17.    Plaintiff Annamaria Gutierrez submitted a claim to FEMA

on or about April 26, 2023, pursuant to the HPFAA. Plaintiff claimed,

among other items, diminution in value, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of her claim on or about September 14, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

18.    Plaintiff Martin Lopez submitted a claim to FEMA on or about September 28, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, relocation expenses, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about September 20, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

19.    Plaintiff Leon Martinez submitted a claim to FEMA on or about May 2, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, home sale comparison loss, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about September 12, 2024. The final decision provides less than

Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

20.     Plaintiff Alan Osgood submitted a claim to FEMA on or about August 21, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, home sale comparison loss, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about September 27, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

21.     Plaintiff Robert Pastore submitted a claim to FEMA on or about June 7, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, evacuation expenses, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about September 26, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

9

22.    Plaintiff Grace Quintana submitted a claim to FEMA on or about March 25, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of her claim on or about September 27, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

23.    Plaintiff Jose Revollar submitted a claim to FEMA on or about May 15, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, reforestation, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about September 14, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

24.    Plaintiff Synthia Salas submitted a claim to FEMA on or about November 5, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received

FEMA's final determination of her claim on or about September 27, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

25.    Plaintiffs Diann Lynn Valdez, Ralph Marquez, Noel Marquez, Mitchell Marquez, Gloria Martinez, Cynthia Marquez, Christine Montoya, Angela Guerin, Alex Marquez Jr., Walter Marquez, and Virginia Trujillo, submitted a claim to FEMA on or about June 13, 2023, pursuant to the HPFAA. Plaintiffs claimed, among other items, reforestation, and noneconomic nuisance damages. Plaintiffs received FEMA's final determination of their claim on or about September 30, 2024. The final decision provides less than Plaintiffs' actual compensatory damages provided in their claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

26.    Plaintiff Sharon Williams submitted a claim to FEMA on or about March 21, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, home sale comparison loss, and noneconomic

nuisance damages. Plaintiff received FEMA's final determination of her claim on or about September 30, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

27.    Plaintiff Maui Private Chef Services, LLC submitted a claim to FEMA on or about March 29, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of its claim dated March 18, 2024 (incorrectly predated by FEMA). The final decision provides less than Plaintiff's actual compensatory damages provided in its claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

28.    Plaintiff the Michael and Kristine Rael Revocable Trust submitted a claim to FEMA on or about February 8, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of its claim dated May 1, 2024 (incorrectly predated by FEMA). The final decision provides less than Plaintiff's actual compensatory damages

provided in its claim and categorically excludes compensation for

certain items of damages, such as noneconomic nuisance damages.

29.    Plaintiff Salomon Maese, Jr. submitted a claim to FEMA on

or about February 14, 2023, pursuant to the HPFAA. Plaintiff claimed,

among other items, noneconomic nuisance damages. Plaintiff received

FEMA's final determination of his claim dated May 6, 2024 (incorrectly

predated by FEMA). The final decision provides less than Plaintiff's

actual compensatory damages provided in his claim and categorically

excludes compensation for certain items of damages, such as

noneconomic nuisance damages.

30.    Plaintiff Marty Martinez submitted a claim to FEMA on or

about February 16, 2023, pursuant to the HPFAA. Plaintiff claimed,

among other items, noneconomic nuisance damages. Plaintiff received

FEMA's final determination of his claim dated May 8, 2024 (incorrectly

predated by FEMA). The final decision provides less than Plaintiff's

actual compensatory damages provided in his claim and categorically

excludes compensation for certain items of damages, such as

noneconomic nuisance damages.

13

31.    Plaintiff Sharon Cristino submitted a claim to FEMA on or about June 14, 2023, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of her claim dated May 21, 2024 (incorrectly predated by FEMA). The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

32.    Defendant FEMA is an executive agency of the United States government, and bears responsibility in whole or part for the acts or omissions complained herein, including promulgating the Rule. Under the HPFAA, FEMA is directed to receive, process, and pay claims in accordance with the HPFAA.[1]

33.    Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, Inclusive, and therefore sue them by such fictitious name Plaintiffs will amend this

---

[1]    *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

14

Complaint to show the true names and capacities of said DOE

Defendants when the same are ascertained.

**BACKGROUND**

**1.    The federal government enacted the HPFAA to promptly
compensate victims of the Hermit's Peak/Calf Canyon Fire.**

34.    On April 6, 2022, the U.S. Forest Service initiated a

prescribed burn on federal land in the Santa Fe National Forest in San

Miguel County, New Mexico. The prescribed burn got out of control,

resulting in a wildfire that spread to adjacent, non-federal land, and

merged with another fire.[2] The fire, known as the Hermit's Peak/Calf

Canyon Fire, is the largest fire in New Mexico history. It forced

thousands of residents to evacuate and ultimately destroyed 903

structures, including several hundred homes, and burned 341,471 acres

of land, trees, and vegetation.

35.    The President declared the Hermit's Peak Calf Canyon Fire

"a major disaster," and Congress acknowledges its impact, recognizing

forced evacuations, and damage or destruction of state, local, tribal, and

private property in Colfax, Mora, and San Miguel counties in New

---

[2]    *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

Mexico.[3] The President reaffirmed that the people of New Mexico will have the full support of the federal government, and that every effort will be made to provide immediate help to people in the impacted communities and support the State throughout its recovery.

36.    Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[4]

37.    On September 30, 2022, Congress enacted—and the President signed—the HPFAA.[5]

38.    The HPFAA's stated purposes are "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire."[6]

39.    Congress allocated $3.95 billion to compensate victims of the Hermit's Peak/Calf Canyon Fire under the HPFAA.[7]

---

[3]    *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

[4]    *Id.*, § 102(a)(10), 136 Stat. at 2169.

[5]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

[6]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

[7]    FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-

40.    Under the HPFAA, claimants are entitled to "payment under this Act" for "actual compensatory damages" to be determined "[n]ot later than 180 days after the date on which a claim is submitted under this Act." HPFAA, Pub. L. No. 117-180, §§ 102(b), 104(c)(3).

## 2. The HPFAA entitles plaintiffs to compensation for interference with personal comfort, inconvenience, and annoyance.

41.    The HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[8]

42.    The HPFAA repeatedly invokes New Mexico law to define the scope of damages recoverable under the Act. First, the HPFAA flatly states "the laws of the State of New Mexico shall apply to the calculation of damages."[9] Second, the HPFAA expressly incorporates the definition of a compensable "injury" from the FTCA, which in turn

---

rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

[8]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

[9]    *Id.*, § 104(c)(2), 136 Stat. at 2170; *see also* 44 C.F.R. § 296.21(a) ("The laws of the State of New Mexico will apply to the calculation of damages.").

compensates "claimant[s] in accordance with the law of the place where the act or omission occurred."[10]

43.    Under New Mexico law, a wildfire that damages or disrupts the real or personal property of a "considerable number of people" is a "nuisance."[11]

44.    And under New Mexico law, nuisance victims are entitled to noneconomic damages for interference with personal comfort, annoyance, and inconvenience *in addition to* their economic losses.[12]

---

[10]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(1), 136 Stat. 2168, 2170 (2022) ("Each injured person shall be eligible to receive from the United States compensation for injury suffered by the injured person as a result of the Hermit's Peak/Calf Canyon Fire."); *id.*, § 103(5), 136 Stat. at 2169 ("The term 'injury' has the same meaning as the term 'injury or loss of property, or personal injury or death' as used in section 1346(b)(1) of title 28, United States Code."); 44 C.F.R. § 296.4 ("'Injury' [under the HPFAA] means 'injury or loss of property, or personal injury or death,' as used in the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)."); 28 U.S.C. § 1346(b)(1) (making "the United States" liable "for money damages … under circumstances where … a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred"].)

[11]    *City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005); *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1185, 1239–41 (D.N.M. 2004).

[12]    *Aguayo v. Village of Chama*, 449 P.2d 331, 333 (N.M. 1969) ["[T]he rule [for nuisance claims] is that … personal damages [for discomfort, annoyance, etc.] are recoverable in addition to, or separate

45.    Accordingly, under the HPFAA, FEMA must award

claimants noneconomic damages for interference with personal comfort,

annoyance, and inconvenience. But FEMA has categorically excluded

noneconomic damages for nuisance in its final determinations of

Plaintiffs' claims.

**3.    Plaintiffs have a right to judicial review of FEMA's final
    determination of their claim.**

46.    The HPFAA provides the right for judicial review of any

final decision of the Administrator. Specifically, the HPFAA states "Any

claimant aggrieved by a final decision of the Administrator under this

Act may, not later than 60 days after the date on which the decision is

issued, bring a civil action in the United States District Court for the

---

from, damages for diminution in rental or use value."]; *Padilla v.
Lawrence*, 685 P.2d 964, 969 (N.M. Ct. App. 1984) ("A plaintiff in a
private nuisance action may seek compensation for interference with
personal comfort as well as for diminution in property value."); *see also*
N.M. Const., art. II, § 4 ("All persons are born equally free, and
have certain natural, inherent and inalienable rights, among which are the
rights of enjoying and defending life and liberty, of acquiring,
possessing and protecting property, and of seeking and obtaining safety
and happiness.").

District of New Mexico, to modify or set aside the decision, in whole or in part."[13]

47.    Plaintiffs are informed and believe FEMA has placed a hold on processing administrative appeals pending the Court's decision on whether noneconomic damages are recoverable under the HPFAA.

48.    Plaintiffs now seek judicial review of FEMA's final determination of their claims.

## COUNT I
## (Judicial Review of Agency Action under the HPFAA)

49.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

50.    FEMA is the agency appointed as the "Administrator" of the HPFAA.[14]

51.    FEMA's final determination of Plaintiffs' claims submitted pursuant to the HPFAA is a final agency action made reviewable by the HPFAA.[15]

---

[13]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

[14]    *Id*. § 103(1)(A), 136 Stat. 2168, 2169 (2022).

[15]    *Id*. § 104(i)(1), 136 Stat. 2168, 2173 (2022).

52.    The Final Determinations of Plaintiffs' claims are not in accordance with the law. HPFAA entitles claimants to noneconomic damages for interference with personal comfort, annoyance, and inconvenience, and the Final Determinations categorically refuse to award those same damages, among other damages.

53.    FEMA's categorical exclusion of certain items of damages, such as noneconomic damages harms Plaintiffs and other similarly situated Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

54.    Plaintiffs seek judicial review of FEMA's final determinations of their claims.

## PRAYER FOR RELIEF

Wherefore Plaintiffs respectfully request that this Court:

1.    Review, modify or set aside FEMA's final determination of their claims and award Plaintiffs all their claimed damages permitted under the HPFAA;

2.    Award Plaintiffs' costs and reasonable attorney's fees;

3.    Award interest on the submitted claims; and

4.    Grant such other relief as the Court deems just and proper.

Dated: November 6, 2024

Respectfully submitted:
SINGLETON SCHREIBER, LLP

*/s/ Brian S. Colón*
Brian S. Colón
Jacob Payne
Jesse Gallegos
SINGLETON SCHREIBER LLP
6501 Americas Pkwy. NE, Ste. 670
Albuquerque, NM 87110
(505) 587-3473
*bcolon@singletonschreiber.com*
*jpayne@singletonschreiber.com*
*jgallegos@singletonschreiber.com*

Gerald B. Singleton
Benjamin I. Siminou
Jonna Lothyan
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bsiminou@singletonschreiber.com*
*jlothyan@singletonshreiber.com*